# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

No. 13-50068
Summary Calendar

Lyle W. Cayce
Clerk

SAURAV PATHRIA,

Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC 5:12-CV-388

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Saurav Pathria was a PhD candidate at The University of Texas Health Science Center at San Antonio (UTHSCSA). In March 2012, after raising complaints of alleged discrimination and harassment to the Dean of the Graduate School of Biomedical Sciences, Pathria filed an EEOC complaint. Subsequently Pathria brought Title VI and VII claims, and various state law claims, against UTHSCSA. He amended his complaint four times before the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50068

district court dismissed all of his claims except his claim for national origin discrimination in violation of Title VI and his claim for breach of contract. Pathria filed a fifth amended complaint as to these claims, which UTHSCSA moved to dismiss. In January 2013, the district court granted UTHSCSA's motion to dismiss Pathria's fifth amended complaint. As to Pathria's Title VI claim, the district court held that Pathria failed to state a claim, finding in particular that he failed to plead facts that create a reasonable inference of discriminatory intent. The district court further held that UTHSCSA had sovereign immunity from Pathria's breach of contract claim, and in the alternative, that Pathria had failed to state a claim for which relief could be granted. Pathria timely appealed.

Though Pathria raises a host of arguments on appeal, the only issue properly before us is whether his fifth amended complaint contains factual allegations sufficient for his Title VI claim to survive a 12(b)(6) motion.[1]

We review a dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *See, e.g.*, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

---

[1] Pathria did not raise issues as to his breach-of-contract claim in his opening brief. Thus, this claim is waived. *See Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003). In addition, the district court dismissed Pathria's Title VII and Texas Labor Code claims in a ruling that Pathria did not appeal, and Pathria has failed to argue why these claims should be reinstated. Accordingly, these claims are also waived. *See id.*

No. 13-50068

To prevail on a claim for relief under Title VI, a private litigant must prove: (1) that the defendant engaged in *intentional* discrimination based on race, color, or national origin; and (2) that the defendant received federal financial assistance. 42 U.S.C. § 2000d; *see also Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (acknowledging a private right of action under certain sections of Title VI). Pathria's subjective beliefs do not create an inference of intentional discrimination. *See, e.g.*, *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Rather, for Pathria's Title VI claim to survive the 12(b)(6) motion, the facts Pathria alleged in his fifth amended complaint must allow us reasonably to infer that the alleged discrimination was motivated by his national origin. *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). As discussed below, Pathria alleged that the chairperson of his dissertation supervisory committee, Dr. Philip Serwer, and the committee as a whole, intentionally discriminated against him based on his national origin. Neither allegation has merit.

Pathria's main allegation is that Serwer used the fact that Pathria was from India to coerce him into conducting additional laboratory work. Pathria contends that Serwer leveraged Pathria's nationality to force compliance with his demands by threatening Pathria with an unsatisfactory grade that would have resulted in the cancellation of his visa, and accordingly would have required him to return to India. Yet, Pathria's fifth amended complaint states no factual allegations that, if true, would create a reasonable inference that Serwer's conduct was motivated by Pathria's national origin. Serwer's alleged statement—that he "could get [Pathria's] visa cancelled...  and send [Pathria] "back to India"—if construed to create an inference of discriminatory animus, would suggest an animus based upon Pathria's immigration status or citizenship and visa vulnerability, not his national origin. *See, e.g.*, *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973 (8th Cir. 2012). We have held that citizenship and national origin should not be conflated, and that citizenship is not a protected

No. 13-50068

category under Title VI. *See Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1059-60 (5th Cir. 1998).[2]

Pathria further alleges that his dissertation supervising committee discriminated against him based on his national origin. However, he fails to plead any facts suggesting that committee members treated him differently based on his national origin. Pathria advances only his subjective belief that committee members failed to exercise independent judgment when making their decisions, deferring to Serwer's wishes; this bare allegation does not meet the *Twombly* standard. *See Byers*, 209 F.3d at 427.

Because Pathria's complaint lacks sufficient factual allegations to demonstrate that Serwer or the dissertation committee discriminated against Pathria based on his national origin, we AFFIRM the district court's order granting UTHSCSA's motion to dismiss.

---

[2] Although Pathria argues that *Bennett* does not apply because it involved the application of a treaty, this argument fails, as *Bennett*'s distinction between citizenship and national origin did not rely on the treaty's existence.